FILED
 2010 May-27 PM 12:09
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **CAROLYN S. MILES,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. CV-09-S-1460-J |
| | ) |
| **MICHAEL J. ASTRUE,** Commissioner, Social Security Administration, | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Carolyn Miles, commenced this action on July 22, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated her complaints of subjective symptoms, that the ALJ was biased against her, and that the ALJ improperly considered the opinion of her treating physician. Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that claimant's medically determinable impairments of depression and anxiety could reasonably have been expected to produce the symptoms she alleged, but that

claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[1]  This conclusion was in accordance with applicable law. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.*") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied). Furthermore, the ALJ's credibility determination was supported by substantial evidence. The ALJ explained that claimant's treatment record prior to her date last insured was sporadic and conservative, and he supported his findings with references to the medical record.

Claimant's second argument — that the ALJ was biased against her — requires little discussion because there simply is no evidence of bias.  The ALJ diligently questioned claimant during the administrative hearing about her approximate twenty-five-year delay in applying for benefits, but there is no indication that claimant's responses to the ALJ's questions adversely affected his decision.

Finally, claimant argues that the ALJ improperly considered the opinion of Dr. Allie Boyd, claimant's treating physician.  The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal

---

[1] Tr. at 21.

citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*.  Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Boyd submitted a report on January 8, 2007, stating that claimant "has been

notably disabled probably as far back as my initial contact with her almost thirty years ago."[2] Dr. Boyd had treated claimant in June and July of 1981 "with a diagnosis of Schizoaffective Disorder." She stated that claimant's "response to an MAOI medication in 1981 certainly raises the issue of a bipolar quality to her major and disabling psychiatric illness."[3] However, after July 1981, Dr. Boyd did not treat claimant again until December of 1996. Dr. Boyd's report discusses in detail her treatment history of claimant from 1996 forward, but that evidence bears little relevance to the issue in this case, which is whether claimant was disabled prior to her date last insured *in 1988*.

The ALJ assigned little weight to Dr. Boyd's opinion, due to the lengthy period of time that had elapsed since claimant's date last insured and the lack of any medical evidence "to support the conclusion that the claimant's mental health status was the same in 2007 as it was in December 1988." Furthermore, the ALJ found that the sporadic medical evidence that was available for the pre-1988 time period did not support a severe impairment lasting for a continuous twelve-month period. The record supports these conclusions.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.

---

[2]Tr. at 297.
[3]*Id.*

Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 27th day of May, 2010.

_____
United States District Judge